**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN ROBINSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SYNCHRONOSS TECHNOLOGIES, INC., STEPHEN G. WALDIS, KAREN L. ROSENBERGER, RONALD W. HOVESPIAN, AND JOHN FREDERICK,<br><br>Defendants. | **ORDER CONSOLIDATING RELATED CASES, APPOINTING LEAD PLAINTIFF, AND APPROVING SELECTION OF COUNSEL**<br><br><br><br>Civil Action No.:  3:17-cv-02978 (FLW-LHG) |
| DAVID COLLEGE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SYNCHRONOSS TECHNOLOGIES, INC., STEPHEN G. WALDIS, RONALD W. HOVESPIAN, KAREN L. ROSENBERGER, and JOHN FREDERICK,<br><br>Defendants. | Civil Action No.:  3:17-cv-03005 (FLW-LHG) |

(Additional captions continued on next page)

JEFFREY L. FLACK, Individually and on Behalf of All Others Similarly Situated,

       Plaintiff,

  v.

SYNCHRONOSS TECHNOLOGIES, INC., STEPHEN G. WALDIS, and KAREN L. ROSENBERGER,

       Defendants.

Civil Action No.:  3:17-cv-04147  (FLW-LHG)

CITY OF ATLANTA FIREFIGHTERS' PENSION FUND, Individually and on Behalf of All Others Similarly Situated,

       Plaintiff,

  v.

SYNCHRONOSS TECHNOLOGIES, INC., STEPHEN G. WALDIS, RONALD W. HOVESPIAN, KAREN L. ROSENBERGER, AND JOHN FREDERICK ,

       Defendants.

Civil Action No.:  3:17-cv-04326  (FLW-LHG)

**THIS MATTER** having been opened to the Court by Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., counsel for Movant Employees' Retirement System of the State of Hawaii ("Hawaii ERS") on a motion for (i) Consolidation of *John Robinson et al. v. Synchronoss Technologies, Inc., et al.*, 3:17-cv-02978, filed on May 1, 2017; *David College v. Synchronoss Technologies, Inc., et al.*, 3:17-cv-03005, filed on May 2, 2017; *Jeffrey L. Flack v. Synchronoss Technologies, Inc., et al.*, 3:17-cv-04147, filed on June 8, 2017; and *City of Atlanta Firefighters' Pension Fund v. Synchronoss Technologies, Inc., et al.,* 3:17-cv-04326, filed on June 14, 2017, all of which are currently pending in the District of New Jersey; (ii) Appointment of Hawaii ERS as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange

Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) Approval of the law firm of Grant & Eisenhofer P.A. as lead counsel for the Class and the law firm of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., as liaison counsel for the Class; it appearing that there is no opposition to the motion[1]; the Court having reviewed the submissions of the parties, including the Declaration of James E. Cecchi in support Hawaii ERS's motion;

　　**IT APPEARING THAT** Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)") provides that "[w]hen actions involving common questions of law or fact are pending before the court, . . . it may order all actions consolidated," and that the PSLRA directs that cases should be consolidated where there is "more than one action on behalf of a class asserting substantially the same claim or claims," 15 U.S.C. § 78u–4(a)(3);

　　**IT APPEARING THAT**, under the PSLRA, any member of the purported class may move for appointment as lead plaintiff within 60 days of the publication of the notice announcing the filing of the action, and that Movant Hawaii ERS has timely filed such a

---

[1] On June 30, 2017, in addition to Movant Hawaii ERS, four plaintiffs or groups of plaintiffs moved for appointment as lead plaintiff, consolidation of related cases, and selection of lead counsel: 1) Plaintiff William Melchione; 2) Plaintiffs Tasso Araripe, Daniel Langton, John Rastelli, Matthew Bakale Jr., and Chowdhury Ziaur Rahman (collectively "Synchronoss Investor Group"); 3) Plaintiffs City of Atlanta Police Officers' Pension Fund and City of Atlanta Firefighters' Pension Fund (collectively "Atlanta Police and Firefighters"); and 4) Plaintiff Bhavisha Parmar. After reviewing Hawaii ERS's submissions, all four competing plaintiffs conceded that they do not have the largest financial interest in the relief sought. On July 18, 2017, Plaintiff Synchronoss Investor Group withdrew its motion. On July 20, 2017, Plaintiff Bhavisha Pramar withdrew her motion. On July 24, 2017, Plaintiffs City of Atlanta Police and Firefighters filed a Response to Competing Lead Plaintiff Motions, conceding that they did not have the largest financial interest in the relief sought, and offering themselves as an alternative lead plaintiff if the Court should determine that Hawaii ERS did not satisfy the requirements of Rule 23. On July 28, 2017, Plaintiff Melchione filed a Notice of Non-Opposition to Competing Lead Plaintiff Motions, indicating that he did not oppose, *inter alia*, Hawaii ERS's motion.

motion as a member of the purported class. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); it appearing that, under the PSLRA, courts adopt a presumption that the "most adequate plaintiff" is the person who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) in the determination of the court, has the "largest financial interest in the relief sought by the class"; and (3) who otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); it further appearing that, in the Third Circuit, the determination of whether the movant with the largest interest in the case otherwise satisfies Rule 23 "should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy," *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001); that, in deciding whether the movant has preliminarily satisfied the typicality requirement, "courts should consider whether the circumstances of the movant with the largest losses 'are markedly different or the legal theory upon which the claims [of that movant] are based differ[ ] from that upon which the claims of the other class members will perforce be based,'" *id.* at 265 (citing *Hassine v. Jeffes,* 846 F.2d 169, 177 (3d Cir. 1988)); that "the typicality requirement is satisfied when the 'plaintiff's claim arises from the same event or course of conduct that gives rise to the claims of other class members and is based on the same legal theory,'" *In re Party Sec. Litig.,* 189 F.R.D. 91, 106 (1999) (quoting *Baby Neal v. Casey,* 43 F.3d 48, 58 (1994)); and that, in making the threshold adequacy assessment, the court should consider whether the movant "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class," *In re Cendant*, 264 F.3d at 265 (citing *Hassine,* 846 F.2d at 179);

**IT APPEARING THAT** the legislative history of the PSLRA demonstrates a

4

preference for institutional investors, *In re Cendant,* 264 F.3d at 243–44 ("The plaintiff with the largest stake in a given securities class action will almost invariably be a large institutional investor, and the PSLRA's legislative history expressly states that Congress anticipated and intended that such investors would serve as lead plaintiffs");

**IT FURTHER APPEARING THAT**, under the PSLRA, the task of selecting lead counsel is given to the most adequate plaintiff, subject to the approval of the court, 15 U .S.C. § 78u–4(a)(3)(B)(v), and the court must make "an independent evaluation of, among other considerations, the effectiveness of proposed class counsel to ensure the protection of the class." *In re Milestone Scientific Sec. Litig.,*187 F.R.D. 165, 176 (D.N.J. 1999);

**THE COURT FINDS**:

1. *John Robinson et al. v. Synchronoss Technologies, Inc., et al.*, 3:17-cv-02978; *David College v. Synchronoss Technologies, Inc., et al.*, 3:17-cv-03005; *Jeffrey L. Flack v. Synchronoss Technologies, Inc., et al.*, 3:17-cv-04147; and *City of Atlanta Firefighters' Pension Fund v. Synchronoss Technologies, Inc., et al.,* 3:17-cv-04326, each involve factually and legally similar, class action claims on behalf of class members who purchased publicly traded securities of Defendant Synchronoss, during substantially overlapping class periods,[2] in reliance on the same allegedly materially false and misleading statements and omissions by Defendant Synchronoss. Moreover, there is no dispute that consolidation is

---

[2] The *Robinson* complaint alleges a Class Period from December 6, 2016 through April 26, 2017 (both dates inclusive). The *College* complaint alleges a Class Period between May 5, 2016 and April 27, 2017, inclusive. The *Flack* complaint alleges a Class Period between December 6, 2016 and April 26, 2017, both dates inclusive. The *Atlanta Firefighters* complaint alleges a Class Period between October 28, 2015 and April 26, 2017. Movant Hawaii ERS proposes to file an Amended Complaint that encompasses the longest class period, from October 28, 2015 to April 27, 2017, and has calculated its losses based on that period.

appropriate. The matters therefore should be consolidated.

2. It is undisputed that Hawaii ERS is alleged to have suffered the greatest loss, and therefore to possess the greatest financial interest in this matter, in the amount of approximately $2,467,510. Hawaii ERS Certification, Cecchi Decl., at Ex. 1.

3. Hawaii ERS has made a *prima facie* showing of typicality under Rule 23. Hawaii ERS's alleged injuries arise out of the same events alleged in the *Robinson*, *College*, *Flack*, and *Atlanta Firefighters* complaints; Hawaii ERS acquired Synchronoss stock at prices allegedly inflated by Synchronoss's allegedly false and misleading statements and suffered losses similar to those of other putative class members. Hawaii ERS's claims rely on the same legal theories that are alleged in the four actions' Complaints.

4. Hawaii ERS also satisfies the adequacy requirements of Rule 23. Hawaii ERS, with such a large financial loss, has a strong incentive to prosecute this action. *See In re Milestone Scientific Sec. Litig.,* 183 F.R.D. 404, 416 (D.N.J. 1998). Hawaii ERS has the necessary resources and legal sophistication to pursue the action. *See In re Cendant,* 264 F.3d at 268. Hawaii ERS has a large and dedicated staff with the legal, financial, and organizational expertise to effectively oversee this proceeding and direct the actions of lead counsel. *See* Hawaii ERS Certification, Cecchi Decl., at Ex. 1. Hawaii ERS's interests appear to be aligned with the rest of the class; there are no facts which indicate any conflicts of interest between Hawaii ERS and other class members. Finally, Hawaii ERS has chosen Grant & Eisenhofer as proposed Lead Counsel, and Carella Byrne as Liaison Counsel, for the Class.

5. Hawaii ERS seeks approval of counsel Grant & Eisenhofer as Lead Counsel, and Carella Byrne as Liaison Counsel for the Class. By reviewing the firms' biographies, the Court is satisfied that the proposed lead counsel and liaison counsel are competent to represent Hawaii ERS and the class. Grant & Eisenhofer has served or is currently serving as lead or co-lead counsel in multiple complex securities fraud cases. *See* Grant & Eisenhofer's Firm Biography, attached as Ex. 4 to the Cecchi Decl. Carella Byrne has extensive experience in complex litigation, including class actions involving federal securities law. *See* Carella Byrne's Firm Biography, attached as Ex. 5 to the Cecchi Decl. Furthermore, the plaintiffs in the four related actions, and competing movants, do not dispute the competency of lead and liaison counsel. Accordingly, the Court approves Hawaii ERS's selection of counsel.

Accordingly, for the reasons stated above and for good cause shown;

**IT IS**, this 5th Day of September, 2017,

**ORDERED** that Hawaii ERS's Motion to Appoint Lead Plaintiff, for Approval of Selection of Counsel, and for Consolidation of Related Actions [ECF No. 10] is **GRANTED**;

**ORDERED** that *John Robinson et al. v. Synchronoss Technologies, Inc., et al.*, 3:17-cv-02978; *David College v. Synchronoss Technologies, Inc., et al.*, 3:17-cv-03005; *Jeffrey L. Flack v. Synchronoss Technologies, Inc., et al.*, 3:17-cv-04147; and *City of Atlanta Firefighters' Pension Fund v. Synchronoss Technologies, Inc., et al.*, 3:17-cv-04326, are hereby consolidated for all purposes and shall be referred to in this Order as the "Consolidated Actions";

**ORDERED** that this Order shall apply to the Consolidated Actions and to any case that is subsequently filed in this Court that relates to the same subject matter as the Consolidated

Actions;

     **ORDERED** that every pleading in the Consolidated Actions shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| _____ : | Civil Action No. 17-2978 (FLW)(LHG) |
| IN RE SYNCHRONOSS : | |
| TECHNOLOGIES, INC., SECURITIES : | **CLASS ACTION** |
| LITIGATION : | |
| _____ : | [TITLE OF DOCUMENT] |
| : | |
| THIS DOCUMENT RELATES TO: : | |
| : | |
| [ALL ACTIONS] : | |
| _____ : | |

     **ORDERED** that the Employees' Retirement System of the State of Hawaii is hereby appointed as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Exchange Act;

     **ORDERED** that the law firm Grant & Eisenhofer P.A. is hereby appointed lead counsel for the Class, and the law firm of Carella, Byrne, Cecchi, Olstein, Brody & Agnello P.C. is hereby appointed as liaison counsel for the Class;

     **ORDERED** that the motions for appointment as lead plaintiff and selection of lead counsel of Plaintiff Synchronoss Investor Group [ECF No. 8] and Plaintiff Bhavisha Pramar [ECF No. 11] are hereby deemed to have been withdrawn;

     **ORDERED** that the motions for appointment as lead plaintiff and selection of lead counsel of Plaintiff William Melchione [ECF No. 5] and Plaintiff Atlanta Police and Firefighters [ECF No. 9] are hereby denied;

     **ORDERED** that Lead Plaintiff Hawaii ERS shall file an Amended Class Action Complaint within thirty (30) days of the date of this Order; Defendants Synchronoss Technologies, Inc., Stephen G. Waldis, Ronald W. Hovespian, Karen L. Rosenberger, and John

Frederick ("Defendants") shall answer or move to dismiss the Amended Class Action Complaint within sixty (60) days of the filing of the Amended Complaint; in the event that Defendants respond to the Complaint or Amended Complaint by motion, Lead Plaintiff shall file any opposition within forty-five (45) days following the date such motions are filed; Defendants shall file any reply papers within twenty (20) days following the date Lead Plaintiff files any opposition papers.

                                                 /s/ Freda L. Wolfson
                                         The Honorable Freda L. Wolfson
                                          United States District Judge